# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** <br><br> EMPRESAS MARTINEZ INVESTIGACIONES Y POLICIA PRIVADA INC. <br><br> DEBTOR IN POSESSION | CASE NO. 10-07460 (BKT) <br><br> CHAPTER 11 |
| EMPRESAS MARTINEZ INVESTIGACIONES Y POLICIA PRIVADA INC. <br><br> PLAINTIFF <br><br> V. <br><br> POLICIA DE PUERTO RICO; ESTADO LIBRE ASOCIADO DE PUERTO RICO, SECRETARIO DE JUSTICIA. <br><br> DEFENDANTS | ADV.PROC.NO. 2010- 00161 <br><br> INJUCTIVE RELIEF AND ADDITIONAL CAUSES OF ACTION |

**URGENT MOTION FOR A TEMPORARY RESTRAINING ORDER UPON FILING OF ADVERSARY PROCEEDING**

TO THE HONORABLE COURT:

COMES NOW, PLAINTIFF, **EMPRESAS MARTINEZ INVESTIGACIONES Y POLICIA PRIVADA INC.**, debtor in possession in the above captioned bankruptcy case through the undersigned attorney, respectfully states and prays for urgent relief for a Temporary Restraining Order against Defendants, Policía de Puerto Rico, Estado Libre Asociado de Puerto Rico and Secretary of Justice of Puerto Rico on the following grounds:

**FACTS AND EVENTS THAT PROMPT THE REQUEST**

1. Empresas Martínez Investigaciones y Policía Privada, Inc. (hereinafter Empresas Martínez) is a corporation duly organized under the laws of the "Estado Libre

Asociado de Puerto Rico" dedicated to provide security services to persons, entities and the property that belongs to them with armed and unarmed security guards.

2. On February 2010 Empresas Martínez was notified by Policía de Puerto Rico that they intended to revoke its license as Security Agency and Private Detective Agency.

3. The determination was based on Art. 17 § (b) and (f) of Law 108 of June 29, 1965. The cited law requires the private detective agencies and safety agencies to show evidence of compliance with a series of requirements in order for their licenses to be renewed. The agencies must show evidence of bonds, public responsibility insurance, State Law Insurance Fund and absence of debts with tax regulating agencies, in the alternative a plan of payment with the agency(ies) must be presented.

4. The controversy in this specific case arouse due to the fact that Empresas Martínez has a debt with the Internal Revenue Service (hereinafter I.R.S.) and could not present evidence of payment or of a payment plan. Therefore the license was going to be revoked for non compliance with Law 108 of 1965.

5. Empresas Martínez was allowed twenty (20) days to present its position regarding the determination taken by Policía de Puerto Rico.

6. After answer presented by Empresas Martínez, a hearing was scheduled and, after some delays, held on August 18, 2010.

7. Empresas Martínez filed a petition for relief under Chapter 11 of the Bankruptcy Code on August 17, 2010; that is, the day before the hearing was held.

8. Empresas Martínez appeared at the hearing represented by its President, Israel Martínez, and by legal counsel, Attny. Ernie Cabán, who informed Policía de Puerto Rico that the corporation had filed a Chapter 11 Bankruptcy Petition.

9. At said hearing the Presiding Officer held in abeyance the determination of renewing or revoking the license. The Agency admitted that the only requirement of Law 108 of 1965 missing was payment, or evidence of payment plan, with the I.R.S., however presented the uncertainty regarding the lack of an approved payment plan. The Presiding Officer expressed the concern, if whether the mere filing of a Chapter 11 Bankruptcy Petition constitutes a payment plan even though there is no plan confirmed.

10. On September 8, 2010 Policía de Puerto Rico entered a Resolution confirming the determination of revoking the Security Agency license to Empresas Martínez. Copy of the Resolution was notified on September 9 and was received by plaintiff counsel on the 10th day of September, 2010. Even though no statement of facts or determination of applicable law was notified by the Agency it becomes clear, from the statements made at the hearing, that the absence of a payment plan with the I.R.S. was the only reason for the determination.

11. It was precisely the lack of agreement for payment to the I.R.S. and the risk of loosing the licenses what placed Empresas Martínez in the position of taking the decision of filing the present Bankruptcy Petition.

12. The revocation of the licenses interferes with the "breathing spell" that the Bankruptcy Law should provide to debtors.

13. On account of illegal and discriminatory acts of defendant, plaintiff/debtor is at the risk of loosing all its clients and therefore all its income sources which will

prevent the corporation to pay the governmental debts which, in fact, is the main and only purpose of Empresas Martínez's reorganization under Chapter 11.

## DISCUSSION AND REQUEST FOR REMEDIES

14. As explained above, defendants revoked plaintiff/debtor's license as a Security Agency with full knowledge of the filing of the Bankruptcy Petition. The effect of a Chapter 11 case was in fact discussed at the hearing held on August 18, 2010.

15. **Such determination must be immediately revoked by this Court** to protect debtor's property of the estate and the bankruptcy estate in general including debtor's business, employees, customers and creditors among other.

16. The automatic stay is a remedy conferred to debtors to give them a "breathing spell from his creditors" however; in this case, defendants have directly interfered with debtor's "breathing spell". Defendant's violation not only takes away debtor's means of income, but also eliminates any opportunity of repayment to the taxable entity they are "protecting"; the I.R.S. Therefore, this Court must **urgently** put an end to plaintiff's action.

17. Defendant's actions and interference with debtor's license by which they exercised control over debtor's property in violation of 11 U.S.C. § 362 (a) (1), (3) and (6), have interfered with Debtor's operations and have injured the estate. The revocation of the license constitutes a serious risk to Debtor's business, employees, customers, creditors and the bankruptcy estate in general.

18. Defendant's actions are flagrant violation of the automatic stay and explicitly contemptuous of this Court's authority, in addition to, jeopardizing the safety of plaintiff's business, employees, customers, creditors and the bankruptcy estate in

general. They had other options under the provisions of the Bankruptcy Code, but opted for deciding the issue of debtor's compliance within the procedures under state Law 108 of 1965, obviating that the bankruptcy stay had enter to effect.

19. Considering Defendant's flagrant violations of the stay and their contemptuous actions towards this Honorable Court's authority, the safety of debtor's business, employees, customers, creditors and the bankruptcy estate in general, an immediate affirmative protective remedy must be allowed without waiting for the conclusion of an adversary proceeding.

20. Therefore, debtor requests, on an emergency basis, that the Court enter an order specifically enforcing the stay against Policía de Puerto Rico and the Estado Libre Asociado de Puerto Rico, from interfering with debtor's bankruptcy estate and requesting that the Resolution revoking debtor's license be set aside retroactively to the date it was issued.

21. For the above stated reasons, plaintiff/debtor requests that this Honorable Court enter, immediately, an interim order to Policía de Puerto Rico and Estado Libre Asociado de Puerto Rico to reinstall debtor's license to operate as Security Agency and Private Detective Agency.

**WHEREFORE,** the herein appearing plaintiff/debtor respectfully requests that this Honorable Court enters an order enforcing the automatic stay, including U.S.C. Sections362 (a) (1), (3) and (6), and pursuant to 11 U.S.C Section 105 (a), be immediately issued directing La Policía de Puerto Rico to set aside the revocation of Empresas Martínez's license to operate as Security Agency and Private Detective Agency and grant such other relief that is deemed necessary and just.

**I HEREBY CERTIFY** that on this same date a true copy of this motion was sent to: U.S. Trustee Office at 500 Tanca Street, Ochoa Building, Suite 301, San Juan, Puerto Rico 00901-4922; Superintendente de la Policía de Puerto Rico, Sr. José E. Figueroa Sancha, P.O. Box 70166, San Juan, Puerto Rico 00936-8166; and to Secretary of Justice, Department of Justice, P.O. Box 9020912, San Juan, Puerto Rico 00902-0912.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 1st day of October, 2010.

*s/ Nilda M. González-Cordero*
**NILDA M. GONZALEZ-CORDERO**
USDC # 213705
PO Box 9024024
San Juan, Puerto Rico 00902-4024
Tel. (787) 721-3437
Fax: (787) 724-2480
E-mail address: ngonzalezc@ngclawpr.com

## **LOCAL BANKRUPTCY RUKLE 9013(f) CERTIFICATION**

I, Nilda M. Gonzalez Cordero, counsel for plaintiff/debtor, hereby certify, pursuant to Local Bankruptcy Rule 9013 that I have carefully examined the matter and concluded that there is a true need for an emergency hearing, and that neither I or plaintiff/debtor have created the emergency through any lack of due diligence.

s/ Nilda M. González-Cordero
**NILDA M. GONZALEZ-CORDERO**
USDC # 213705
PO Box 9024024
San Juan, Puerto Rico 00902-4024
Tel. (787) 721-3437
Fax: (787) 724-2480
E-mail address: ngonzalezc@ngclawpr.com